UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISON

| | |
|---|---|
| TIARA DAVIS,<br><br>   Plaintiff,<br>v.<br><br>PERFORMANCE<br>CONTRACTING, INC.,<br><br>   Defendant. | CIVIL ACTION NO. 6:19-cv-604<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff TIARA DAVIS ("Plaintiff"), by and through his attorney, brings this action for damages and other legal and equitable relief from Defendant PERFORMANCE CONTRACTING, INC. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.* ("§ 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.   This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination, hostile work environment, and retaliation.  Defendant's acts of discrimination are in violation of Title VII, § 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Plaintiff at a location in Jewett, Texas. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to discriminatory treatment, a hostile work environment, and a discriminatory and retaliatory termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1981 *et seq.*, as amended.

4. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district.

## PARTIES

5. Plaintiff is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a Black citizen of the United States of America and is a resident of Texas.

6. At all relevant times, Plaintiff was Defendant's employee covered by Title VII, § 1981, and the TLC.

7. Defendant is a corporation with its principal place of business located at 11145 Thompson Ave, Lenexa, Kansas 66219.

8. Upon information and belief, Defendant employs more than five-hundred (500) persons.

**ORIGINAL COMPLAINT**

9. During all relevant times, Defendant has been an employer covered by the Title VII, § 1981, and the TLC.

10. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at their facilities located within Texas and within this judicial district.

**EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

11. Plaintiff has timely filed complaints of discrimination and retaliation with the EEOC.

12. Plaintiff who has herein alleged claims pursuant to Title VII has received his Notices of Right to Sue letter from the EEOC within ninety (90) days prior to the filing of this Complaint.

**STATEMENT OF THE FACTS**

13. Mr. Tiara Davis ("Mr. Davis") is a former employee of Performance Contracting Inc. ("PCI"), which is headquartered at 11145 Thompson Ave, Lenexa, Kansas 66219. Mr. Davis worked for PCI at a location in Jewett, Texas.

14. Mr. Davis worked for PCI from November 2013 to September or October 2014. He again worked for PCI for thirty days in 2015. He was again hired by PCI as a welder in March 2017.

15. Upon information and belief, Mr. Davis was the only African-American employee on the mechanical side at this location.

16. Throughout his employment at PCI, Mr. Davis saw racial graffiti in the restroom. For example, Mr. Davis saw graffiti that stated "nigger, go home."

17. On or around April 10, 2017, Mr. Davis saw a noose on his table. He immediately picked it up and reported it to his manager.

18. The manager told Mr. Davis, "Why are you making this an issue? How do you know it's for you?" The site manager then took the noose and threw it in a trash can.

19. The manager told Mr. Davis, "I brought you here to work." Mr. Davis stated that he was offended and that he knew "what a noose means." The site manager told Mr. Davis to go back to work.

20. The manager then picked up a piece of rope from the ground and mocked Mr. Davis, asking him "Davis, is this a noose?"

21. The manager then took Mr. Davis to the front office and called the manager's superior. The superior said that he agreed with the manager and asked Mr. Davis how he knew the noose was meant for him. Mr. Davis said that he knew what a noose meant and that it was offensive. He said it violated workplace policy and he felt unsafe. The superior responded that he was not going to lay anyone off or fire anyone and that Mr. Davis had been brought there to work.

22. Mr. Davis repeatedly said that he did not feel safe and that as the only Black person there he did not feel safe.

23. The day after he reported the noose, on or around April 11, 2017, Mr. Davis was subjected to a retaliatory termination.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e** *et seq.*
**(Discrimination)**

24. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

26. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment)

27. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in racial and/or color harassment and has created, maintained and condoned a hostile work environment towards Plaintiff.

29. Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Retaliation)

30. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

31. Plaintiff lodged complaints with Defendant regarding the discrimination and/or the hostile work environment to which he was subjected, and as such, engaged in protected activity under Title VII.

32. Defendant retaliated against Plaintiff by, among other things, terminating him.

33. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

34. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Discrimination)

35. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

37. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Hostile Work Environment)

38. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

39. Plaintiff was subjected to a hostile work environment on the basis of his race and/or color.

40. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendant has engaged in racial and/or color harassment and has created, maintained and condoned a hostile work environment toward Plaintiff.

41. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Retaliation)

42. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. Plaintiff lodged complaints with Defendant regarding the discrimination and the hostile work environment to which he was subjected, and as such, engaged in protected activity under § 1981.

44. Defendant retaliated against Plaintiff by, among other things, terminating him.

45. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*

46. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Discrimination)

47. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

49. Plaintiff's requests for relief are set forth below.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Hostile Work Environment)**

50. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

51. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in racial, and/or color harassment and has created, maintained and condoned a hostile work environment towards Plaintiff.

52. Plaintiff's requests for relief are set forth below.

## AS AND FOR A NINTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Retaliation)**

53. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. Plaintiff lodged complaints with Defendant regarding the discrimination and/or the hostile work environment to which he was subjected, and as such, engaged in protected activity under the TLC.

55. Defendant retaliated against Plaintiff by, among other things, terminating him.

56. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

57. Plaintiff's requests for relief are set forth below.

**ORIGINAL COMPLAINT**

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. Declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.; and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq*.

B. Awarding all damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Awarding exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Diversity training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies; and

L. Monitoring by the Court or a federal agency to ensure that Defendant comply with all injunctive relief.

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: October 14, 2019                                Respectfully submitted,

*/s/Jay D. Ellwanger*_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Esha Rajendran
Texas State Bar No. 24105968
erajendran@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy, Ste. 190
Austin, Texas 78731
Telephone: (214) 948-3334
Facsimile: (214) 853-9410

*Counsel for Plaintiff*